[Civ. No. 9591.   Third Dist.   May 4, 1959.]

LEONARD L. BUCK et al., Appellants, v. LYMAN C. JEWETT, as Administrator, etc., Respondent.

Hill & Hill for Appellants.

Hilger & Thomas for Respondent.

SCHOTTKY, J.—Leonard L. Buck and his wife, Joy Buck, appeal from an adverse judgment in an action brought by them

*Assigned by Chairman of Judicial Council.

for the purpose of having a deed absolute in form declared to be a mortgage.

There is little if any conflict in the evidence. The record shows that Leonard L. Buck had the opportunity to purchase certain real property in Humboldt County for the sum of $1,000. He did not have any money so he approached John H. Jewett, Jr., his wife's second cousin, to borrow the money so he could purchase the property. Buck testified that John H. Jewett, Jr., offered to lend him $400 so he could make a down payment on the property. Buck, Jewett, and Horning, the agent for the seller, then went to a title company where an escrow was opened. Buck agreed with Horning that the balance of the purchase price would be paid within 15 days. At this meeting John H. Jewett, Jr., allegedly told Horning that he was lending Buck the money. Buck was unsuccessful in raising the balance, so he again sought assistance from John H. Jewett, Jr., who then borrowed the balance ($600) from his brother, Lyman Jewett. Lyman Jewett testified that his brother told him he wanted to lend the money to Buck so Buck could make the final payment on the property. After receiving a check they went to the title company where the check was presented. Buck testified he asked the escrow officer to draw a deed to protect John H. Jewett, Jr. A deed was drawn which gave John H. Jewett, Jr., a one-half interest in the property. The escrow officer testified that his instructions were to draw a deed.

John H. Jewett, Jr., died prior to the commencement of this action so he was unable to contradict or affirm the testimony offered by plaintiffs. Buck said that Jewett's purpose in assisting him was to assist Buck in supporting his family. There was no documentary evidence of the debt, no time of payment set or mentioned at any time. There was evidence that when Buck had an opportunity to sell the hunting rights on the property Buck felt it was necessary to talk with John H. Jewett, Jr., before he dealt with the property in any way.

After John H. Jewett, Jr., died, Buck made a demand against the executor of Jewett's estate for a deed to the property. At the time the demand was made Buck deposited the sum of $445 with the attorney for the executor. This demand was rejected and this suit followed.

■ Appellants' sole contention upon this appeal is that there is no substantial evidence to support the judgment. The applicable law is well-stated in *Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583], as follows:

" 'That a deed purporting on its face to convey title absolutely may be shown by parol evidence to be something else—namely, a mortgage—is a striking exception to the general rule, and it has been universally held that the character of the instrument cannot be thus changed except upon clear and convincing evidence.' [Citations.] But whether or not the evidence offered to change the ostensible character of the instrument is clear and convincing is a question for the trial court to decide. [Citations.] In such case, as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review on appeal. . . .'[T]he appellate court . . . will not disturb the finding of the trial court to the effect that the deed is a mortgage, where there is substantial evidence warranting a clear and satisfactory conviction to that effect. All questions as to preponderance and conflict of evidence are for the trial court.' "

We are satisfied that the evidence in the instant case presented an issue of fact to the trial court, that issue being whether or not there was clear and convincing evidence that the deed, absolute in form, was intended to be a mortgage. We are satisfied that there was ample evidence from which the court could find, as it did find, " [t]hat the deed was intended to and did operate to convey to John H. Jewett, Jr. . . . a one-half interest in fee simple . . ." As the court stated in its memorandum opinion:

". . . More important, the deed was not the whole of the property which would be the normal security arrangement where the debt being secured, was the value of the entire property. On the contrary, the deed was to a one-half interest in that property.

"Plaintiff specifically testified that he had bought the entire property, and it is not conceivable to the Court that for security purposes a deed would then be prepared to one-half of that which was acquired."

It was for the trial court to weigh the evidence, and we are unable to agree with appellants that the evidence in the instant case was such that it compelled a finding that the deed was a mortgage.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.